UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JASON SHOLA AKANDE            :

V.                           :        CASE No. 3:11-cv-1950(RNC)

UNITED STATES                :

RULING AND ORDER

Jason Shola Akande ("petitioner"), a Nigerian national, brings this action pro se under 28 U.S.C. § 2255 seeking to vacate his convictions and sentence for conspiracy to make a false statement in a passport application in violation of 18 U.S.C. §§ 371 and 1542; making a false statement in a passport application in violation of 18 U.S.C. § 1542; and making a false statement to immigration authorities in violation of 18 U.S.C. § 1001.  The petition asserts claims of ineffective assistance of counsel and prosecutorial misconduct, among other things.  The government contends that the claims should be dismissed without a hearing because they were rejected on appeal or are patently insufficient or both.  I agree and therefore dismiss the petition.

I.  Jurisdiction

At the time he commenced this action, petitioner satisfied the jurisdictional "in custody" requirement of § 2255(a) because he was serving a term of supervised release as a result of the convictions at issue.  See Peck v. United States, 73 F.3d 1220, 1224 n.5 (2d Cir. 1995), vacated on other grounds by 106 F.3d 450 (2d Cir. 1997).  Whether the Court continues to have jurisdiction

is open to question, however, because petitioner's sentence has
fully expired, he has been removed to Nigeria, and he has prior
unrelated state convictions for forgery and larceny that may well
render him permanently inadmissible to the United States.  See
Perez v. Greiner, 296 F.3d 123, 126 (2d Cir. 2002)("because Perez
is permanently inadmissible to this country due to his prior drug
conviction, collateral consequences cannot arise from the
challenged robbery conviction"); Garcia v. United States, Nos. 04
Cr. 83, 06 Civ. 3115, 2007 WL 4371671, at *3 (S.D.N.Y. Dec. 13,
2007)(a habeas challenge by a deported petitioner is moot when he
is permanently inadmissible to the United States based on a
conviction that is unrelated to the conviction being challenged
in his petition).  The Court concludes that the petition is not
moot.  Assuming petitioner's prior state convictions do make him
inadmissible to the United States, he has filed a state habeas
petition challenging those convictions and his appeal from a
denial of the petition remains pending.  See Akande v. Warden,
State Prison, TSR-CV06-4001377-S, 2013 WL 2451268 (Conn. Super.
Ct. May 13, 2013).  In these circumstances, petitioner retains a
substantial stake in overturning his federal convictions, thus
ensuring a live controversy sufficient to avoid mootness.

II. Background

    In 2005, petitioner was indicted on the federal charges
listed above.  Following a trial at which he represented himself

with the aid of standby counsel, a jury convicted him on all three counts.[1]  He received concurrent sentences of 41 months' imprisonment followed by three years of supervised release.

On appeal, petitioner filed a counseled brief arguing that his motion to sever the passport fraud and false statement charges should have been granted and that certain statements in the government's summations caused him substantial prejudice.  In a supplemental brief filed pro se, he raised the following additional arguments: (1) his requests to introduce evidence to support his theory of a wide-ranging conspiracy against him should have been granted; (2) his standby counsel infringed his right to self-representation; (3) the government should not have been allowed to provide the jury with "forged" motor vehicle records and grand jury subpoenas; (4) the Court erred in allowing petitioner's wife, Chastidy Williams, to testify, and by admitting his handwritten letters to Williams; (5) the government "selectively prosecuted" petitioner for making false statements to immigration authorities while not indicting Williams; (6) the Court erred by admitting his immigration file; and (7) he received ineffective assistance from his appointed counsel, who allegedly failed to advise him of the immigration consequences of

---

[1]  The trial was delayed by changes of defense counsel, lengthy proceedings relating to the plaintiff's competency to be tried, the plaintiff's decision to proceed pro se, and subsequent proceedings relating to his competency to represent himself at the jury trial.

a jury trial.

The Court of Appeals affirmed the judgment.  See United States v. Carter, 448 F. App'x 112 (2d Cir. 2011).  With the exception of the claim of ineffective assistance of counsel raised in the pro se brief, the Court found that all the claims raised on appeal were without merit.  With regard to the ineffective assistance claim, the Court determined that the record on appeal was insufficiently developed to permit a ruling.

III. Legal Standard

To obtain relief pursuant to § 2255, a petitioner must show that his "sentence was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255.  A claim is cognizable under § 2255 if it involves a "fundamental defect which inherently results in a complete miscarriage of justice." Davis v. Hill, 417 U.S. 333, 346 (1974)(quoting Hill v. United States, 368 U.S. 424, 428 (1962).  A § 2255 motion does not provide an opportunity to relitigate issues that were raised and considered on direct appeal.  United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997).  To avoid summary dismissal, a § 2255 motion "must contain assertions of fact that a petitioner is in a position to establish by competent evidence."  United States v. Aiello, 814 F.2d 109, 113-14 (2d Cir. 1987).  A hearing is not required when the allegations are "insufficient in law, undisputed, immaterial, vague, conclusory, palpably false or

patently frivolous." <u>United States v. Seiser</u>, 112 F.3d 507 (2d Cir. 1996) (citing <u>United States v. Malcolm</u>, 432 F.2d 809, 812 (2d Cir. 1970)).

IV. <u>Discussion</u>

A. *Ineffective Assistance of Counsel*

As his first ground for relief, petitioner asserts that he received ineffective assistance of counsel in violation of the Sixth Amendment because his counsel failed to advise him of the immigration consequences of a jury conviction as opposed to a plea deal.  To obtain relief on this claim, petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result of his counsel's deficient performance. <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984).  More specifically, he must demonstrate a reasonable probability that "the outcome of the plea process would have been different with competent advice." <u>Lafler v. Cooper</u>, 132 S. Ct. 1376, 1384 (2012).

Petitioner appears to be claiming that he received ineffective assistance of counsel during plea negotiations prior to his decision to proceed pro se.[2]  He offers no allegations or

---

[2]  To the extent petitioner is claiming ineffective assistance of standby counsel, he has no constitutional claim. <u>See</u> <u>United States v. Morrison</u>, 153 F.3d 34, 55 (2d Cir. 1998) ("[W]ithout a constitutional right to standby counsel, a defendant is not entitled to relief for the ineffectiveness of

evidence showing that his appointed counsel provided deficient advice.  Nor does he offer allegations or evidence showing that he could have reached a plea agreement enabling him to remain in the United States.  Given the nature of the charges in the indictment, it is implausible that such a deal would have been offered.  Accordingly, the ineffective assistance of counsel claim will be dismissed.[3]

### B. Prosecutorial Misconduct

Petitioner alleges that the government framed him; selectively prosecuted him on racial grounds; lied about and refused to disclose information regarding a wiretap on his phones; fabricated and forged documentary evidence; "planted bribed jurors"; failed to disclose that its main witness, Samuel Carter, was an informant; and presented perjured testimony by

---

standby counsel" unless "standby counsel held that title in name only and, in fact, acted as the defendant's lawyer throughout the proceedings.").  Petitioner asserts that his standby counsel infringed his right of self-representation but this claim was rejected by the Court of Appeals on appeal and is without merit in any event, as the government demonstrates in its brief.

[3] In his habeas petition in state court, petitioner asserted a similar claim of ineffective assistance of counsel regarding the immigration consequences of a conviction.  The Court denied the claim finding that petitioner had expressly waived it at the habeas trial.  Id. at *4.  The Court explained: "At trial, the petitioner abandoned this claim repeatedly saying that he was not guilty of the crimes for which he was convicted and, therefore, would have never pled guilty, regardless of the immigration consequences of going to trial."  Id. at *1.

Carter, who falsely denied being an informant.  All these allegations were raised in petitioner's pro se brief on appeal. In addition, the allegations are conclusory and patently without merit.  Accordingly, the prosecutorial misconduct claim will be dismissed.

   C.  *Other Claims*

     Petitioner claims that the Court improperly excluded Carter's "fabricated" state I.D. and driving records and destroyed Carter's driving records.  Like the claims just discussed, these claims were raised and rejected on appeal.  They are also patently frivolous.

     Finally, petitioner claims that the admission of his wife's testimony at trial violated his spousal privilege, he was arrested without probable cause, and the evidence at trial was insufficient to support a conviction under § 1001 on the element of intent.  The claim based on the admission of Williams's trial testimony was rejected by the Court of Appeals.  With regard to probable cause and the sufficiency of the evidence, the government provided the jury with overwhelming evidence that petitioner committed the offenses charged and, in particular, that he intended to defraud immigration authorities.  Thus, these claims will be dismissed.

*D. Certificate of Appealability*

In a proceeding under § 2255, a certificate of appealability may issue "only if the applicant has made a substantial showing of a denial of a constitutional right."  See 28 U.S.C. § 2253(c)(2).  Under this standard, a certificate of appealability will not issue unless jurists of reason could debate whether the petition should have been resolved in a different manner or the issues are adequate to deserve encouragement to proceed further.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Petitioner has not made this showing.

IV.  Conclusion

Accordingly, petitioner's § 2255 motion is hereby denied. The Court declines to issue a certificate of appealability.  The Clerk will enter judgment dismissing the action.

So ordered this 30th day of October 2013.


                          /s/RNC
                    Robert N. Chatigny
                 United States District Judge

8